IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MATILDA ALUSHANI,

    Plaintiff,

vs.

ICS GROUP, LLC,
a Florida Limited Liability Company,
DENISSE BETANCOURT, an individual,
DANTE A. ALVAREZ, an individual, and
ROBERT ROBINSON, an individual,
jointly and severally,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, MATILDA ALUSHANI, sues Defendants, ICS GROUP, LLC, DENISSE BETANCOURT, DANTE A. ALVAREZ and ROBERT ROBINSON, and shows:

### Introduction

1.    This is an action by MATILDA ALUSHANI against her former employers for unpaid minimum wages and unpaid salary pursuant to the Fair Labor Standards Act, the Florida Minimum Wage Act, Florida Statutes Chapter 448 and Florida common law. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2.    This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, as well as the Florida Minimum Wage Act ("FMWA"), Florida Statutes § 448.110, and Florida common law. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

1

3. The claim arose within the Southern District of Florida, which is where venue is proper.

**Parties and General Allegations**

4. Plaintiff, MATILDA ALUSHANI, (hereinafter "ALUSHANI") a resident of Broward County, was at all times material, employed by ICS GROUP, LLC., as a construction estimator, was an employee as defined by 29 U.S.C. § 203(e), and during her employment with ICS GROUP, LLC, was engaged in commerce or in the production of goods for commerce.

5. Defendant, ICS GROUP, LLC. (hereinafter, "ICS"), is a Florida Limited Liability Company doing business in several cities throughout South Florida, is an enterprise engaged in an industry affecting commerce, and is an employer as defined by 29 U.S.C. § 203(d) and (s)(1) and Fla. Stat. § 448.101, which has employees subject to the provisions of the FLSA, 29 U.S.C. § 206, the Florida Minimum Wage Act, Fla. Stat. § 448.110, and Florida common law, in the offices where ALUSHANI was employed.

6. Defendant, DENISSE BETANCOURT (hereinafter "BETANCOURT"), who conducts business within the Southern District of Florida, was, or now is, an owner and/or operator of Defendant ICS. BETANCOURT serves as the President of ICS and acts directly in the interest of ICS, in relation to its employees. BETANCOURT hired the Plaintiff, set her work schedule, determined her pay, terminated the Plaintiff and ultimately decided not to pay her. Thus, BETANCOURT was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

7. Defendant, DANTE A. ALVAREZ (hereinafter "ALVAREZ"), who conducts business within the Southern District of Florida, was, or now is, an owner and/or operator of

Defendant ICS. ALVAREZ serves as the Vice President of ICS and acts directly in the interest of ICS, in relation to its employees. ALVAREZ recruited Plaintiff to work for ICS, set her work schedule, determined her pay, and ultimately decided not to pay her. Thus, ALVAREZ was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

8. Defendant, ROBERT ROBINSON (hereinafter "ROBINSON"), who conducts business within the Southern District of Florida, was, or now is, an owner and/or operator of Defendant ICS. ROBINSON serves as the Chief Operating Officer of ICS, is one of the founders of ICS who has ownership interest in ICS, and acts directly in the interest of ICS, in relation to its employees. ROBINSON recruited Plaintiff to work for ICS, set her work schedule, determined her pay, and ultimately decided not to pay her. Thus, ROBINSON was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

**Count I – Violation of the FLSA and Florida Minimum Wage Act by All Defendants**

9. Plaintiff, MATILDA ALUSHANI, realleges, as if fully set forth in Count I, the allegations in Paragraphs 1 through 8 above.

10. From January 11, 2021 through March 15, 2021, ALUSHANI worked for ICS, but received no wages whatsoever over this time period.

11. Defendant's failure to pay ALUSHANI any wages for the days referenced above, violates 29 U.S.C. § 206(a)(1) by not paying her at least a minimum wage.

12. ALUSHANI is entitled pursuant to the FLSA and the FMWA to recover from all Defendants:

    a. the applicable minimum wage in effect at the times she worked without receiving compensation;

      b.    as liquidated damages, an amount equal to the unpaid minimum wage she is owed;

      c.    the costs of this action; and,

      d.    a reasonable attorney's fee.

WHEREFORE, Plaintiff, MATILDA ALUSHANI, prays that this Honorable Court will:

      a.    enter judgment for ALUSHANI and against all Defendants on the basis of its willful violations of the FLSA;

      b.    award ALUSHANI actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

      c.    award ALUSHANI an equal amount in liquidated damages;

      d.    award ALUSHANI reasonable attorney's fees and costs of suit; and

      e.    other such relief as this Court deems just.

### Count II – Breach of Contract Against Defendant ICS
### (Unpaid Salary and Insurance Premiums)

13.    Plaintiff, MATILDA ALUSHANI, realleges the allegations in paragraphs 1 through 12, as if fully set forth in Count II of Plaintiff's Complaint.

14.    On or about August 31, 2020, the parties entered into a written contract whereby ICS agreed to pay ALUSHANI salary and other benefits in exchange for ALUSHANI agreeing to perform the job of "construction estimator" to commence on September 2, 2020. Said agreement is attached as Exhibit 1.

15.    The terms of the contract provided for salary of $9,166.67 per month, 1% commission of net profit revenue, a quarterly bonus of $3,000.00, and up to $10,000.00 reimbursement for medical, dental and vision insurance.

16. Plaintiff has performed all of the conditions, covenants and promises required by it to be performed in accordance with the terms of the contract.

17. Defendant failed to pay Plaintiff's salary for the last 2 months and 3 days of her employment, failed to pay the Plaintiff her 1% commission, failed to pay the Plaintiff her $3,000.00 quarterly bonus for two quarters, and failed to reimburse the Plaintiff for her medical, dental and vision insurance.

18. On March 15, 2021, Defendant unilaterally terminated the parties' contract without cause and without advance notice. Defendant provided the Plaintiff with a "Separation Notice" which provided that Plaintiff would be paid "owed funds" on March 19, 2021. Defendant has failed to pay Plaintiff any funds whatsoever despite its promise to do so.

19. As a result of the breach by the Defendant, the Plaintiff is owed 2 months and 3 days salary, commissions, bonuses and reimbursement for medical, dental and vision insurance.

WHEREFORE, Plaintiff, MATILDA ALUSHANI, prays that this court will grant judgment against Defendant ICS:

    a. awarding ALUSHANI payment of the contractual salary and other benefits found by the court to be due to her under the contract;

    b. determining that the damages awarded to ALUSHANI constitute unpaid wages pursuant to Florida Statute Chapter 448;

    c. awarding ALUSHANI her costs, including a reasonable attorney's fee pursuant to Florida Statute §448.08; and

    d. granting such other and further relief as is just.

## Jury Demand

Plaintiff demands trial by jury on all issues so triable.

Dated: July 21, 2021
Plantation, Florida

Respectfully submitted,

***/s/ Robert S. Norell, Esq.***
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for MATILDA ALUSHANI*