UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.. 21-CV-61492-SMITH/VALLE

MATILDA ALUSHANI,

    Plaintiff,

v.

ICS GROUP, LLC, a Florida
Limited Liability Company, *et al.*,

    Defendants.

_____/

### REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon attorney Robert S. Norell's Supplemental Motion for Award of Attorney's Fees and Reasonable Expenses of Litigation (ECF No. 21) (the "Motion"). Attorney Norell represented Plaintiff in connection with the default judgment entered in favor of Plaintiff and against Defendants ICS Group, LLC and Denisse Betancourt ("Defendants"). *See* (ECF No. 19). United States District Judge Rodney Smith has referred the Motion to the undersigned for a Report and Recommendation. *Id.* at 6. Defendants did not respond to the Motion. On June 27, 2022, the undersigned issued an Order to Show Cause why the Motion should not be granted. (ECF No. 22). Although the deadline for responding to the Motion and the Order to Show Cause has passed, Defendants have failed to respond or otherwise appear in this case.

Accordingly, having reviewed the Motion, and being otherwise duly advised in the matter, the undersigned recommends that the Motion be **GRANTED IN PART AND DENIED IN PART**. For the reasons set forth below, the undersigned recommends that attorney Norell be awarded **$4,218.75** in fees and **$460** in costs.

##           I.        BACKGROUND

In July 2021, Plaintiff filed a Complaint against Defendants, seeking recovery for unpaid minimum wages under the Fair Labor Standards Act (the "FLSA") and the Florida Minimum Wage Act (Count I), and for breach of contract for unpaid salary and insurance premiums (Count II). (ECF No. 1).  Although Defendants were served, Defendants did not appear in this action or otherwise respond to the Complaint.  *See* (ECF Nos. 4, 5).  Consequently, on May 19, 2022, the District Court granted Plaintiff's motion for default judgment and entered a final judgment in favor of Plaintiff and against Defendants.  *See* (ECF Nos. 19, 20).  In granting Plaintiff's motion for default final judgment, however, the District Judge found that although Plaintiff sought an award of attorney's fees and costs under the FLSA, counsel's time records failed to separate those tasks related to Plaintiff's FLSA claim (for which Plaintiff could recover fees/costs) versus Plaintiff's breach of contract claim (for which Plaintiff could not recover fees/costs).  (ECF No. 19 at 5). Consequently, the District Court denied without prejudice Plaintiff's request for fees, allowing counsel to refile his request to identify the time spent solely on the FLSA claim.  *Id.*   The instant Motion followed.  In the Motion, counsel seeks $4,781.25 in fees and $480.50 in costs.  (ECF No. 21 at 3).

##           II.       DISCUSSION

### A. Entitlement to Attorney's Fees

Under the "American Rule," litigants generally are not entitled to an award of attorney's fees for prevailing in litigation unless provided by statute or contract.  *See, e.g.*, *In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005).  Here, the FLSA provides for attorney's fees and costs to the prevailing party.  29 U.S.C. § 216(b) ("The court in [an FLSA action] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the

defendant, and costs of the action."). Accordingly, as the prevailing party by default final judgment, Plaintiff is entitled to an award of reasonable attorneys' fees and costs on her FLSA claim. *See* (ECF No. 19 at 5).

**B. The Lodestar Method of Determining Reasonable Fees**

In assessing the reasonableness of a request for attorney's fees in the Eleventh Circuit, courts use the "lodestar" method to calculate an objective estimate of the value of an attorney's services. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Norman*, 836 F.2d at 1299). The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303).

Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.* at 428. When a request for attorney's fees is unreasonably high, courts may "conduct an hour-by-hour analysis" or "reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008); *see also Procaps S.A. v. Patheon Inc.*, No. 12-CV-24356, 2013 WL 6238647, at *17 (S.D. Fla. Dec. 3, 2013) (reducing party's fee request with across-the-board cut based upon billing inefficiencies). Although courts may apply either method, they cannot apply both. *Bivins*, 548 F.3d at 1351. Finally, courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 837 (2011). Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

1. **Reasonable Hourly Rates**

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984)). The relevant market is "the place where the case is filed." *ACLU*, 168 F.3d at 427 (quotation marks and citation omitted).

Here, the relevant legal community is South Florida. Attorney Norell, as counsel for Plaintiff, requests an award of reasonable attorney's fees and litigation costs. Although not included in the Motion, attorney Norell has been a member of the Southern District of Florida and the Florida Bar since 1994 as evidenced in a prior case recently adjudicated by the undersigned. *See Pena v. DSM Logistics Corp V*, 20-CV-62216-RS (S.D. Fla. June 29, 2021) (ECF No. 18 at 4) (listing attorney Norell's qualifications and recommending that counsel be awarded fees and costs in an FLSA default judgment case); *see also* https://www.floridabar.org/directories/find-mbr/profile/?num=996777 (Florida Bar listing attorney Norell as admitted in 1994) (last visited Sept. 23, 2022). In addition, counsel has been admitted to the bars of the Supreme Court of Florida, and the United States District Courts for the Southern and Middle Districts of Florida. *Pena,* 20-CV62216-RS, ECF No. 18 at 4. Currently, attorney Norell bills at $425/hr. *See* (ECF No. 21 at 3).

In determining reasonable hourly rates in the relevant legal market, the undersigned may also consider certain factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546,

1555 (S.D. Fla. 1996) (citing factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (the "*Johnson* factors")). [1]

The Court has considered the relevant *Johnson* factors, and has reviewed the Motion, and the record in this case. In support of counsel's request for attorney's fees and in compliance with the undersigned's order, *see* (ECF No. 22), counsel filed a Notice of Previously Awarded Fees and Costs (the "Notice"), listing cases where counsel has received comparable hourly rates in the Southern District of Florida for the last two years. *See* (ECF No. 24). In the two most relevant cases (one of which was the above-referenced *Pena* case before the undersigned) counsel was awarded $375/hr. *See Pena,* No. 20-CV-62216 (ECF No. 18 at 6) (6/29/2021 recommendation that attorney Norell be awarded fees based on $375/hr); *Nicaty v. Maverick Pet Foods, Inc.*, No. 18-CV-63113-RKA (S.D. Fla. June 14, 2021) (ECF No. 28) (6/14/20219 order awarding same hourly rate). Although counsel has substantial legal experience, the skills needed in this case fall within the usual realm of a labor law practice and do not warrant the requested higher hourly rate. Moreover, the Court is "deemed an expert on the issue of hourly rates in this community and may properly consider 'its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" *Fiedler v. Anglin's Beach Café, LLC,* No. 15-CV-60989, 2017 WL 1278632, at *1 (S.D. Fla. April 3, 2017) (quoting *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).

Accordingly, based on counsel's experience/qualifications, the prevailing market rates in South Florida, and the undersigned's prior rulings in similar FLSA cases, the Court finds that $375/hr is a reasonable rate for the work performed by attorney Norell. *See, e.g., Pena,* 20-CV-

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit issued prior to the close of business on September 30, 1981.

61161 (ECF No. 19) (adopting the undersigned's recommendation that attorney Norell be awarded fees at $375/hr in FLSA default judgment case); *see also Anderson v. J & L Cable TV Servs.*, 20-CV-60271 (S.D. Fla. Sept. 19, 2022) (ECF No. 145 at 4) (awarding $375/hr to other counsel in FLSA case).

### 2. Reasonable Hours Expended

Having determined the reasonable hourly rates, the undersigned next addresses the reasonableness of the hours expended by the attorney working on the case. As a general rule, attorneys must exercise what the Supreme Court has termed "billing judgment." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). That means they must exclude from fee applications "excessive, redundant, or otherwise unnecessary hours," which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman*, 836 F.2d at 1301 (quotations and citations omitted).

Importantly, "if fee applicants do not exercise billing judgment, courts are obligated to do it for them." *ACLU*, 168 F.3d at 428. The fee applicant also bears the burden of providing specific and detailed evidence so that the court can determine the necessity and reasonableness of the time claimed for the action. *Id.* at 427, 432-33. In the end, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman*, 836 F. 2d at 1301.

Based on a review of the Motion, including the billing records, *see* (ECF No. 21-1), the undersigned is persuaded that attorney Norell has sufficiently identified the time attributable to the compensable FLSA claim versus the separate non-compensable breach of contract claim. According to the billing records, counsel expended 15.4 total hours in the case. (ECF No. 21-1 at 3). Counsel asserts that 7.1 of the total hours and 50% of the remaining hours (i.e., 4.15 hours)

can be allocated solely to the FLSA claim. (ECF No. 21 at 2). Consequently, counsel seeks an award for 11.25 hours for fees incurred in connection with the FSLA claim. The undersigned agrees that the amount of hours is reasonable. Accordingly, the undersigned recommends that counsel be compensated for 11.25 hours reasonably attributable to the FLSA claim.

In sum, attorney Norell should be awarded $4,218.75 in attorney's fees, for 11.25 hours of work on the FLSA claim, at the reduced rate of $375/hr.

### C. Costs

Under 29 U.S.C. § 216(b), reasonable costs are recoverable. The Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920, but the Court may not tax as costs anything not authorized by the statute. *See, e.g., Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42 (1987). Here, counsel requests reimbursement for $480.50 in costs for: (i) filing fees ($400); (ii) service of process fees ($60); and (iii) sending a "demand letter" via Fed Ex ($18.50). (ECF No. 21-1 at 3).

Pursuant to 28 U.S.C. § 1920(1), the $400 fee for filing the Complaint is recoverable. Additionally, 28 U.S.C. § 1920(1) permits the court to award fees for private service of process, so long as they do not exceed the fees permitted by the statute. *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1332-33 (S.D. Fla. 2009). The Court is guided by the statutory limits set forth in 28 C.F.R. § 0.114, which provides that fees charged by the United Sates Marshals Service for personal service of process are $65 per hour. *See Monelus*, 609 F. Supp. 2d at 1333. Here, counsel should be awarded $60 in costs for service of process on two Defendants. Counsel should not, however, recover $18.50 for sending a "demand letter" via Fed Ex because courts in this District have held that FedEx, postage, and messenger costs are not recoverable under § 1920. *See, e.g., Del Toro v. Magnum Constr. Servs., Inc.*, No. 19-CV-62671, 2020 WL 7699964, at *7 (S.D. Fla.

Dec. 3, 2020) (undersigned's recommendation that mailing costs are not recoverable), *report and recommendation adopted sub nom. Toro v. Magnum Constr. Servs., Inc.*, 2020 WL 7698953 (S.D. Fla. Dec. 28, 2020); *Samuels v. Comm'r of Soc. Sec. Admin.*, No. 17-CV-60910, 2021 WL 6689966, at *3 (S.D. Fla. Nov. 5, 2021), *report and recommendation adopted sub nom. Samuels v. Kijakazi*, No. 17-CV-60910, 2022 WL 218893 (S.D. Fla. Jan. 25, 2022) (collecting cases). Accordingly, the undersigned recommends that attorney Norell's recoverable costs be reduced to $460.

### III.   RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Robert S. Norell's Supplemental Motion for Award of Attorney's Fees and Reasonable Expenses of Litigation (ECF No. 21) be **GRANTED IN PART AND DENIED IN PART**. Attorney Norell should be awarded a total of **$4,218.75** in attorney's fees and **$460** in costs.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2022); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on September 23, 2022.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge Rodney Smith
    All Counsel of Record